THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHERN RENTALS INC., | CASE NO. C20-0542-JCC |
| Plaintiff, | ORDER |
| v. | |
| TRAVIS MENDENHALL, an individual, and EQUIPMENTSHARE.COM, INC., a Delaware corporation, | |
| Defendants. | |

This matter comes before the Court on Defendant EquipmentShare.com, Inc.'s motion to stay discovery (Dkt. No. 30). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I. BACKGROUND

On March 30, 2020, Plaintiff filed this suit in state court, and Defendant EquipmentShare removed the case to the Court on April 8, 2020. (Dkt. No. 1.) Plaintiff alleges that Defendant Travis Mendenhall, Plaintiff's former employee, misappropriated unspecified trade secrets and that EquipmentShare, Mendenhall's new employer, encouraged such activity. (*See* Dkt. No. 1-1 at 13.) Plaintiff claims EquipmentShare is liable for trade secret misappropriation, tortious interference with contract, and tortious interference with business expenses. (*Id.* at 11–13.)

When this lawsuit was filed, Plaintiff had already filed six similar lawsuits against

1   EquipmentShare in other courts. (Dkt. No. 30 at 4). Plaintiff has filed four additional lawsuits
2   against EquipmentShare since this suit commenced. (*See* Dkt. No. 31.) These 11 suits all allege
3   that EquipmentShare conspired with Plaintiff's former employees to target Plaintiff's customers
4   and all allege identical claims against EquipmentShare. (*Id.*)

5         Plaintiff has served discovery requests in each of these cases, requesting the same
6   documents, information, and witnesses for deposition. (*Id.* at 3.) On May 6, 2020, Defendant
7   petitioned the United States Judicial Panel on Multidistrict Litigation ("JPML") to consolidate
8   and transfer all these related cases to the District of Nevada. (*Id.* at 4.) The parties have discussed
9   Plaintiff's discovery requests; when they were unable to reach a resolution which included a stay
10  of discovery, Plaintiff filed a motion to compel discovery. (*See* Dkt. No. 27.) Defendant now
11  moves to stay discovery. (Dkt. No. 30.)

12  **II.     DISCUSSION**

13      **A.     Legal Standard**

14        District courts have broad discretion in determining whether to allow a stay of discovery
15  pending the resolution of potentially dispositive motions. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th
16  Cir. 1987); *see Little v. City of Seattle*, 863.F2d 681, 685 (9th Cir. 1988). A court applies a two-
17  part test when deciding whether to grant a stay of discovery based on a pending dispositive
18  motion. First, the pending motion must be potentially dispositive of the entire case, or at least on
19  the issue to which discovery is directed. Second, the court must determine if the pending
20  dispositive motion can be decided without additional discovery. *Panola Land Buyer's Ass'n v.*
21  *Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *see Lowery v. F.A.A,* 1994 WL 912632, slip op.
22  at 3 (E.D. Cal. 1994); *Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir. 1976). A stay
23  of discovery may also be proper if the discovery sought is irrelevant to the dispositive motion
24  before the court. *See Todd v. City of Aberdeen*, Case No. C09-1232-JCC, Dkt. No. 96 at 3–4
25  (W.D. Wash. 2009).

26        In addition, a challenge to venue is a "common example" of a situation warranting a stay

of discovery. *Twin City Fire Ins. Co. v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). EquipmentShare's petition to the JPML to consolidate this case and be tried in the District of Nevada is such a challenge of venue warranting a stay of discovery. And in determining whether to issue a stay of discovery a court considers several factors, including "the risk of unfair prejudice to the party opposing the stay" and the conservation of the court's resources. *Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 WL 6883529, slip op. at 2 (E.D. N.Y. 2014); *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

### B.    EquipmentShare's Motion to Stay Discovery

EquipmentShare has shown good cause for the Court to grant its motion to stay discovery. Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. Nos. 29, 32), are potentially dispositive of the action and can be decided without further discovery. *See Jarvis,* 833 F.2d at 155. Therefore, Defendants' pending motions to dismiss alone warrant a stay of discovery in this case.

EquipmentShare's request to transfer this case to the District of Nevada further supports a stay of discovery. *See Twin City Fire*, 124 F.R.D at 653. EquipmentShare requests the stay since it has asked the JPML to transfer and consolidate the 11 related actions Plaintiff has filed against it to avoid duplicative litigation and discovery efforts. (Dkt. No. 30 at 6). Moreover, Plaintiff has requested the same information in each of the 11 cases; absent a stay of discovery, Plaintiff may evade any unfavorable discovery ruling issued by another court by seeking the same relief before this Court.

Furthermore, a stay in discovery will not prejudice Plaintiff. *See Bethpage Water Dist.*, 2014 WL 6883529, slip op. at 2. Plaintiff has 11 nearly identical suits in different forums, each seeking discovery of the same information. Should Defendant's petition to the JPML be granted,

ORDER
C20-0542-JCC
PAGE - 3

the cases will be consolidated and transferred to a single venue. It is thus proper to stay discovery pending the JPML decision, so as to conserve judicial resources by limiting unnecessary discovery and motions practices lest the cases be consolidated. *See Coastal States Gas Corp.*, 84 F.R.D. at 282

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to stay discovery (Dkt. No. 30) is GRANTED. Discovery is hereby STAYED until further order of the Court. The parties are DIRECTED to file a joint status report apprising the Court of the JPML's decision and the necessity for continuing the stay no later than seven days from the date the JPML's decision is issued.

DATED this 9th day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE